UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHARNICE JANAY BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17CV814 RLW |
| | ) |
| BJC HEALTH SYSTEM d/b/a BJC, | ) |
| HEALTHCARE and CHRISTIAN HOSPITAL | ) |
| NORTHEAST-NORTHWEST, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 56). Upon review of the record, the Court will deny Plaintiff's motion.

## Background

On January 4, 2017, Plaintiff filed a *Pro Se* Employment Discrimination and Retaliation Complaint in state court, alleging discrimination on the basis of race, disability, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010, *et seq.* (ECF No. 7) Defendant removed the Complaint to federal court on March 2, 2017. (ECF No. 1)

Plaintiff contends that she was employed at Christian Hospital Northeast-Northwest ("Hospital") as a Patient Access Representative beginning in June of 2015. She alleges in her Complaint that she sent correspondence to members of her management team and members of the Hospital's executive team regarding disparities in the department, including work conditions, inadequate staffing, favoritism, bias, and labor law regulations. (Compl. ¶¶ 2-4, ECF No. 7) Plaintiff alleges that after she sent the letters, she received disciplinary actions, was denied a

request to transfer to a different department, and experienced a hostile work environment. (*Id.* at ¶¶ 5-6, 15(a)-(b), (h)) Plaintiff also claims that the Hospital's Patient Access Manager discriminated against her because Plaintiff resembled another African American female who also reported alleged racial discrimination and was terminated. (*Id.* at ¶ 7)

In addition, Plaintiff contends that she suffers from Iron Deficiency Anemia, which causes lightheadedness, fatigue, shortness of breath, and weakness. (*Id.* at ¶ 8) Plaintiff claims her requests to wear a jacket or thick sweater in the Emergency Room as an accommodation were denied, and the Hospital accused her of a dress code infraction even though other employees were allowed to wear sweaters with no disciplinary action taken. (*Id.* at ¶¶ 8, 15(c)) On May 13, 2016, Plaintiff received a voicemail message from her manager indicating that Plaintiff had been terminated from her position with the Hospital. (*Id.* at ¶ 10) The termination letter indicated that Plaintiff was fired for cell phone use in the workplace, dress code violations, and leaving the premises for lunch without clocking out. (*Id.* at ¶ 12) However, Plaintiff avers that her termination was done in retaliation for complaining about disparities and hostile work conditions at the Hospital. (*Id.* at ¶¶ 4, 15(e)-(f))

On July 31, 2017, Plaintiff filed a Motion for Appointment of Counsel, along with a financial affidavit. (ECF Nos. 55, 56) Plaintiff claims that because of her poverty, she is unable to pay a reasonable attorney fee or obtain legal counsel, despite diligent efforts to do so. (ECF No. 56)

## Discussion

"'Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.'" *Davis v. Scott,* 94 F.3d 444, 447 (8th Cir. 1996) (quoting *Edgington v. Missouri Dep't of Corrs.,* 52 F.3d 777, 780 (8th Cir. 1995)). When determining whether to appoint counsel for

2

an indigent plaintiff, the Court should consider the factual and legal complexity of the case, the existence of conflicting testimony, and the ability of the indigent person to investigate the facts and present her claim. *Id.* (citing *Swope v. Cameron*, 73 F.3d 850, 852 (8th Cir. 1996)).

Upon review of Plaintiff's Complaint, the Court finds that appointment of counsel is not warranted at this time. The facts of this case are not complex. Plaintiff raises straightforward claims of discrimination and retaliation based on race and disability. Further, the Court notes that Plaintiff has thus far clearly articulated and presented her legal claims to the Court, and she appears able to investigate the facts of her case, as evidenced by her detailed motion for summary judgment and responses to Defendants' dispositive motions. Because the factual nature and the legal issues of this case are not complex, and Plaintiff is able to clearly present her claims, the Court finds that Plaintiff's motion should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 56) is **DENIED** without prejudice.

Dated this 10th day of August, 2017.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**