# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHARNICE JANAY BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17CV814 RLW |
| | ) |
| BJC HEALTH SYSTEM d/b/a BJC, | ) |
| HEALTHCARE and CHRISTIAN HOSPITAL | ) |
| NORTHEAST-NORTHWEST, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Christian Hospital Northeast-Northwest's Motion to Dismiss Plaintiff's Race and Disability Discrimination Claim (ECF No. 18), Defendant BJC Health System d/b/a BJC HealthCare's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 20), and Plaintiff's Motion for Summary Judgment (ECF No. 29). The Motions are fully briefed and ready for disposition. Upon review of the record, the Court will grant Defendants' motions and deny Plaintiff's motion for summary judgment without prejudice, subject to refiling after discovery.

## I. Background

On January 4, 2017, Plaintiff filed a *Pro Se* Employment Discrimination and Retaliation Complaint in state court, alleging discrimination on the basis of race, disability, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010, *et seq.* (ECF No. 7) Defendants BJC Health System d/b/a BJC HealthCare ("BJC") and Christian Hospital Northeast-Northwest

("Christian Hospital") removed the Complaint to federal court on March 2, 2017 on the basis of federal question jurisdiction. (ECF No. 1)

Plaintiff contends that she was employed at Christian Hospital as a Patient Access Representative beginning in June of 2015. She alleges in her Complaint that she sent correspondence to members of her management team and members of the Hospital's executive team regarding disparities in the department, including work conditions, inadequate staffing, favoritism, bias, and labor law regulations. (Compl. ¶¶ 2-4, ECF No. 7) Plaintiff asserts that after she sent the letters, she received disciplinary actions, was denied a request to transfer to a different department, and experienced a hostile work environment. (*Id.* at ¶¶ 5-6, 15(a)-(b), (h)) Plaintiff also claims that the Hospital's Patient Access Manager discriminated against her because Plaintiff resembled another African American female who also reported alleged racial discrimination and was terminated. (*Id.* at ¶ 7)

In addition, Plaintiff contends that she suffers from Iron Deficiency Anemia, which causes lightheadedness, fatigue, shortness of breath, and weakness. (*Id.* at ¶ 8) Plaintiff claims her requests to wear a jacket or thick sweater in the Emergency Room as an accommodation were denied, and the Hospital accused her of a dress code infraction even though other employees were allowed to wear sweaters with no disciplinary action taken. (*Id.* at ¶¶ 8, 15(c)) On May 13, 2016, Plaintiff received a voicemail message from her manager indicating that Plaintiff had been terminated from her position with the Hospital. (*Id.* at ¶ 10) The termination letter indicated that Plaintiff was fired for cell phone use in the workplace, dress code violations, and leaving the premises for lunch without clocking out. (*Id.* at ¶ 12) However, Plaintiff avers that her termination was done in retaliation for complaining about disparities and hostile work conditions at Christian Hospital. (*Id.* at ¶¶ 4, 15(e)-(f)) She further claims that Christian

Hospital disparately treated, and created a hostile work environment for, African-American female employees. (*Id.* at ¶ 15(g)-(h)) Plaintiff filed a Charge of Discrimination with the EEOC, No. 560-2016-01803. (*Id.* at ¶ 17)

Plaintiff was employed as a Patient Access Manager by Christian Hospital. (Def. BJC's Statement of Uncontroverted Material Facts ["SUMF"] ¶ 14, ECF No. 22) Although Plaintiff states that Christian Hospital is a BJC HealthCare affiliate, Christian Hospital is a separate and distinct corporate entity from BJC Health System. (Def.'s SUMF ¶¶ 7, 13) BJC is the parent company of non-profit, public benefit corporations, including Christian Hospital. (Def.'s SUMF ¶¶ 4-6) BJC provides some recruitment services, processes payroll for member entities and their affiliates, maintains an employment portal for all employees of BJC affiliates, and allows access into other hospitals with her Christian Hospital employee badge. (Pl.'s Mem. Objecting to Def.'s SUMF, ECF No. 28)

On March 30, 2017, Defendant Christian Hospital filed a motion to dismiss Plaintiff's discrimination claims based on race and disability, asserting that Plaintiff failed to exhaust her administrative remedies with respect to those claims. Plaintiff responds that her Charge of Discrimination indicates that she checked the boxes for discrimination based on retaliation, race, and disability such that her administrative remedies are properly exhausted. Also on March 30, 2018, Defendant BJC filed a motion to dismiss or, in the alternative, for summary judgment arguing that BJC is not Plaintiff's employer and that Plaintiff failed to exhaust administrative remedies. Plaintiff claims that Christian Hospital and BJC are sufficiently connected.

3

## II. Legal Standard

### A. 12(b)(6) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

## B. Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party. *Hutson v. McDonnell Douglas Corp.,* 63 F.3d 771, 775 (8th Cir. 1995).

The moving party has the initial burden to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.,* 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ .P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). In fact, the non-moving party must present sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for that party. *Anderson,* 477 U.S. at 249; *Celotex,* 477 U.S. at 324. Self-serving, conclusory statements, standing alone, are insufficient to defeat a well-supported motion for summary judgment. *O'Bryan v. KTIV Television,* 64 F.3d 1188, 1191 (8th

5

Cir. 1995). "There is no 'discrimination case exception' to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (citation omitted).

### III. Discussion

#### A. Christian Hospital's Motion to Dismiss

Christian Hospital contends that Plaintiff's discrimination claims based on race and disability should be dismissed because she failed to exhaust her administrative remedies. Specifically, Christian Hospital asserts that in her original Charge of Discrimination, Plaintiff only checked the box pertaining to retaliation. Upon receipt of Plaintiff's amended charge which checks the boxes for race and disability discrimination, Christian Hospital argues that Plaintiff's race and disability discrimination claims remain unexhausted because the charge contains no facts pertaining to race or disability discrimination. Plaintiff, on the other hand, asserts that the amended charge demonstrates that she did exhaust her administrative remedies with respect to race and disability discrimination.

Under both Title VII and the MHRA, an employee must exhaust her administrative remedies before filing a discrimination lawsuit in federal court. *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994). "To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue." *Williams*, 21 F.3d at 222; *see also Tart*, 31 F.3d at 671 ("Before initiating a civil action under the MHRA, a claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or

obtaining a right-to-sue letter."). "Exhaustion requires a claimant to give notice of all claims of discrimination in the administrative complaint, but administrative complaints are interpreted liberally in an effort to further the remedial purposes of legislation that prohibits unlawful employment practices." *Tart*, 31 F.3d at 671. Courts "deem administrative remedies exhausted as to all incidents of discrimination that are 'like or reasonably related to the allegations of the [administrative] charge.'" *Id.* (quoting *Anderson v. Block*, 807 F.2d 145, 148 (8th Cir. 1986)). However, "the civil suit can be only 'as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination.'" *Fanning v. Potter*, 614 F.3d 845, 852 (8th Cir. 2010) (quoting *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 631 (8th Cir. 2000)). "Allegations outside the scope of the EEOC charge, however, circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." *Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 836 (8th Cir. 2000), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011)).

In the present case, Plaintiff did not attach her Charge of Discrimination or Right to Sue notice(s) to her Complaint. However, she does attach her amended charge No. 560-2016-01803 and related Right to Sue notices in subsequent pleadings. The Court finds that the documents relating to her Charge of Discrimination under Title VII and the MHRA matters within the pubic record such that the Court will consider those documents. *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 802-03 (8th Cir. 2002) (concluding that an EEOC charge is part of the public record which courts may rely on when deciding motions to dismiss); *Whitehead v. Servicemaster*, No. 4:08CV1711 CEJ, 2009 WL 413012, at *1 (E.D. Mo. Feb. 18, 2009) ("When deciding a motion to dismiss in a Title VII action, the Court may consider an attached charge of discrimination without turning the motion into one for summary judgment.") (citation omitted)).

The record shows that Plaintiff filed an amended Charge of Discrimination on August 19, 2016. (Pl.'s Mem. Ex. A, ECF No. 28 p. 4) On the charge, Plaintiff checked the boxes for discrimination based on race, retaliation, and disability. Plaintiff states that the date the discrimination took place was on May 13, 2016, the date she was terminated from her employment. The Particulars allege that in 2015 Plaintiff began sending emails to her prior supervisor and manager regarding issues in the work place. Plaintiff claims that on April 12, 2016, she sent an email and copied members of the Board of Directors. Plaintiff avers that she was called into a supervisor's office and "was accused of things that were untrue." Plaintiff further contends that on May 13, 2016, she received a voice message from her manager terminating her employment. She alleges that she was terminated for being perceived as a whistleblower.[1] (*Id.*) Plaintiff received her right to sue notices from the EEOC on October 17, 2016 and the Missouri Commission on Human Rights on May 24, 2017. (Pl.'s Ex. B, ECF No. 28 p. 5; Pl.'s Ex. A, ECF No. 44 p. 7)

The Court finds that Plaintiff's claims for race and disability discrimination should be dismissed for failure to exhaust her administrative remedies. The Court acknowledges that Plaintiff checked the boxes for race and disability discrimination, as well as retaliation. She did not check any other boxes. Court compares the Plaintiff's EEOC Charge of Discrimination with the claims that Christian Hospital seeks to dismiss, the Court agrees that Plaintiff's allegations that Christian Hospital discriminated against her on the basis of her race (African-American) and her disability (Iron Deficiency Anemia) are not "like or related" to the charge of discrimination which mentions only retaliation for being a whistleblower. Construing the allegations in

---

[1] Defendant Christian Hospital attached Plaintiff's original Charge of Discrimination, which is unsigned and undated. (Def.'s Ex. A, ECF No. 19-1) However, the Particulars in the charge are identical to those in Plaintiff's amended charge dated August 19, 2016.

8

Plaintiff's Complaint liberally, the Court finds that the scope of the EEOC's investigation would not have included these allegations.

The Court is mindful that "courts should not use Title VII's administrative procedures as a trap for unwary *pro se* civil-rights plaintiffs." *Shannon v. Ford Motor Co.*, 72 F.3d 678, 685 (8th Cir. 1996). However, "there is a difference between liberally reading a claim which lacks specificity . . . and inventing, *ex nihilo*, a claim which simply was not made." (*Id.*) (internal quotation omitted). Here, Plaintiff's Charge of Discrimination makes no mention of her race or her disability. Further, the allegations of discrimination based on race and disability are not like or reasonably related to the claims in Plaintiff's charge that she was terminated in retaliation for being a whistleblower. *See Shockley v. City of St. Louis*, No. 4:10CV638 FRB, 2011 WL 4369394, at *4 (E.D. Mo. Sept. 19, 2011) (finding plaintiff's charge did not contain facts reasonably giving rise to a gender discrimination claim even though the charge stated that she was retaliated against for complaining about sex discrimination); *see also Nelson v. Manac Trailers, USA*, No. 1:12-CV-00162 SNLJ, 2013 WL 2145921, at *2-3 (E.D. Mo. May 15, 2013) (dismissing plaintiff's harassment claim where he checked the box for harassment but the charge discussed only that he was retaliated against).

Here, while Plaintiff checked the boxes for race and disability discrimination, she "may not make a conclusory statement of [race and disability] discrimination in the charge and then file suit on whatever facts or legal theory she may later decide upon." *Faibisch*, 304 F.3d at 803. As in *Faibisch*, Plaintiff has failed to set forth any facts in the EEOC charge which would establish a connection between the alleged discrimination based on race and disability and her termination. *Id.* Indeed, Plaintiff's sole basis for termination stated in the particulars of her charge relates to retaliation for reporting workplace issues. Thus, the Court finds that Plaintiff

9

has failed to exhaust her administrative remedies with respect to the facts pertaining to race and disability discrimination set forth in her Complaint.[2] Therefore, the Court will dismiss Plaintiff's claims of race and disability discrimination for failure to exhaust administrative remedies. *Blakely v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011) (dismissing claims for gender and disability discrimination where plaintiff failed to exhaust her administrative remedies).

### B. BJC's Motion to Dismiss or for Summary Judgment

In its Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, BJC asserts that Christian Hospital is a separate and distinct corporate entity from BJC Health System. BJC contends that Plaintiff does not allege in her Complaint that BJC employed her, and, in fact, BJC did not employ her. Instead, Plaintiff seeks to maintain a claim against Defendant BJC based only on the allegation that Christian Hospital is a BJC affiliate. BJC seeks dismissal on the basis of failure to exhaust administrative remedies because Plaintiff failed to name BJC in her charge of discrimination and because she failed to allege race and disability discrimination in the particulars of the charge. Alternatively, BJC seeks summary judgment because Defendant BJC never employed Plaintiff. In several responses, Plaintiff asserts that BJC is the parent company of Christian Hospital and therefore is a proper party. Further, Plaintiff states that she was recruited and interviewed by BJC Talent Acquisition, a paycheck stub reflects "BJC Healthcare Center," and she was able to access a BJC portal and gain entry into other hospitals with her badge.

---

[2] In subsequent pleadings, Plaintiff contends that she also brings claims for gender discrimination. (Pl.'s Response p. 3, ECF No. 45) For the same reasons set forth above, the Court finds that these claims are also unexhausted.

As stated above, the Court finds that Plaintiff's claims of race and disability discrimination are subject to dismissal for failure to exhaust administrative remedies. Plaintiff's Charge of Discrimination states only one date, the date she was terminated from employment, and the particulars allege only retaliation. Therefore, the Court will dismiss the race and disability claims against BJC.

With respect to the retaliation claim, the Charge of Discrimination shows that Plaintiff only named Christian Hospital as the Employer that she alleges discriminated against her. (ECF No. 28 p. 4) "Generally in order for a plaintiff to exhaust [her] administrative remedies [she] must name all of those alleged to be involved in the discriminatory behavior in [her] original administrative charge." *Breidenbach v. Shillington Box Co.,* LLC, No. 4:11CV1555 JCH, 2012 WL 85276, at *6 (E.D. Mo. Jan. 11, 2012) (citation omitted). "However, an exception to this rule applies where a 'substantial identity' exists between the party named in the charge of discrimination and the party named in the complaint." *McCarty v. Dana Holding Corp.*, No. 4:08-CV-690 (CEJ), 2008 WL 4865038, at *1 (E.D. Mo. Nov. 7, 2008) (quoting *Sedlacek v. Hach*, 753 F.2d 333, 336 (8th Cir. 1985)). "A plaintiff may bring suit against a party not named in the EEOC charge 'where [the] unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance.'" *Id.* (quoting *Greenwood v. Ross,* 778 F.2d 448, 451 (8th Cir.1985)).

The charge clearly indicates that Plaintiff's employer at the time of the alleged retaliation was Christian Hospital, and nothing in the charge mentions BJC or alleges that it shares a substantial identity with Christian Hospital. "The failure to name defendant in the EEOC charge precludes plaintiff from bringing suit against defendant now." *Id.* at *2. Therefore, all of

11

Plaintiff's claims against Defendant BJC should be dismissed for failure to exhaust administrative remedies.

However, out of an abundance of caution, the Court will assume, *arguendo*, that BJC did receive adequate notice of the charge. According to the Dismissal and Notice of Rights by the EEOC, associate general counsel for BJC Healthcare was copied on Plaintiff's right to sue letter. (ECF No. 28 p. 5) In BJC's motion for summary judgment, it argues that there is no genuine issue of material fact regarding whether BJC was Plaintiff's employer or was in any way connected to the alleged retaliation because BJC is merely the parent company of Christian Hospital and not Plaintiff's employer.

Here, nowhere in Plaintiff's Complaint does she claim that she was employed by BJC. To the contrary Plaintiff concedes that she was employed, and terminated from her position, by Christian Hospital and managers/administrators at that facility. (Compl., ECF No. 7) Plaintiff's only mention of BJC is under "Disciplinary Action Requested," which states that Christian Hospital is a BJC Healthcare affiliate. (Compl. p. 8 ¶ (3)) However, Plaintiff claims that BJC employed her by virtue of recruitment by BJC, an employment letter from Christian Hospital welcoming her to Christian Hospital and BJC HealthCare, a pay stub with BJC HealthCare noted as the employer, a BJC Healthcare portal connecting all of the hospitals together, and the ability to enter other hospitals with her Christian Hospital badge. (ECF No. 25 pp. 3-4; ECF No. 28 pp. 1-2)

"There is a 'strong presumption that a parent company is not the employer of its subsidiary's employees, and the courts have found otherwise only in extraordinary circumstances.'" *Brown v. Fred's Inc.*, 494 F.3d 736, 739 (8th Cir. 2007) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1362 (10th Cir. 1993)). "A parent company may employ its subsidiary's

employees if (a) the parent company so dominates the subsidiary's operations that the two are one entity and therefore one employer . . . or (b) the parent company is linked to the alleged discriminatory action because it controls individual employment decisions. *Id.* (citations and internal quotation marks omitted). Further, "[t]o determine whether the parent and subsidiary act as one employer, the court examines the '(1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control.'" *Sasorith v. Detector Elecs. Corp.*, No. 14-5045 (DSD/TNL), 2015 WL 4479034, at *1 (D. Minn. July 22, 2015) (quoting *Baker v. Stuart Broad. Co.,* 560 F.2d 389, 391 (8th Cir.1977)).

In the present case, Defendant BJC has submitted affidavits from the Human Resources managers at Christian Hospital and BJC Health System d/b/a/ BJC HealthCare. (Def.'s Reply to Pl.'s Mem. Objecting to BJC's Statement of Uncontroverted Material Facts ["SUMF"] Ex. A & B, ECF Nos. 40-1, 40-2) Marlene Jones, the Director, Human Resources of BJC Health System avers that BJC is the parent company that provides shared services such as payroll and recruiting for affiliates such as Christian Hospital. (Def.'s Ex. A ¶¶ 2, 4-5) Ms. Jones states that BJC is a separate and distinct corporate entity from affiliated hospitals and that BJC never employed Plaintifff. (Def.'s Ex. A ¶¶ 8-9) Similarly, Ed Long, Human Resources Manager at Christian Hospital, states that Plaintiff worked as a Patient Access Representative for Christian Hospital and was only employed by Christian Hospital, not BJC. (Def.'s Ex. B ¶¶ 2-4) Further, Mr. Long contends that no BJC employee made any decisions pertaining to Plaintiff's allegations. (Def.'s Ex. B ¶ 5)

Plaintiff appears to argue that the connection between Christian Hospital and Defendant BJC is sufficient to demonstrate that BJC employed Plaintiff. However, Plaintiff has failed to show that the two entities form an integrated enterprise and should be treated as a single

13

employer. *Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 578 F.3d 787, 793 (8th Cir. 2009) (citation omitted). Specifically, Plaintiff's allegations and exhibits "do not address 'the extent to which there is a centralized source of authority for development of personnel policy, maintenance of personal records, human resources, and employment decisions.'" *Sasorith*, 2015 WL 4479034, at *2 (quoting *Sandoval*, 578 F.3d at 793)). The Court therefore finds that BJC cannot be considered an employer for purposes of Plaintiff's discrimination action. Thus, summary judgment in favor of Defendant BJC is warranted. *See Sasorith*, 2015 WL 4479034, at *2 (granting defendant's judgment on the pleadings where plaintiff failed to establish the requisite employment relationship); *Sowers v. Gatehouse Media Missouri Holdings, Inc.*, No. 4:08CV633 TIA, 2010 WL 1633389, at *12 (E.D. Mo. Apr. 22, 2010) (granting defendant's motion for summary judgment where the "uncontroverted evidence shows that the operations are not closely interrelated and no shared centralized control of labor relations").

### C. Plaintiff's Motion for Summary Judgment

The Court notes that Plaintiff has filed a motion for summary judgment. However, because the Court is dismissing her race and disability claims against Christian Hospital, as well as all claims against BJC, the only remaining claim is one for retaliation against Christian Hospital. With the pending claims narrowed, the Court will deny Plaintiff's motion without prejudice and allow her to refile after discovery pursuant to a Case Management Order. The Court will set this case for a Rule 16 Conference by separate order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Christian Hospital Northeast-Northwest's Motion to Dismiss Plaintiff's Race and Disability Discrimination Claim (ECF No. 18) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims of race, disability, and gender discrimination under Title VII and the MHRA are **DISMISSED** as to Christian Hospital for failure to exhaust administrative remedies, and only the retaliation claim against Christian Hospital remains.

**IT IS FURTHER ORDERED** that Defendant BJC Health System d/b/a BJC HealthCare's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 20) is **GRANTED**. A separate Judgment will accompany this Memorandum and Order.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 29) is **DENIED** without prejudice.

Dated this 29th day of January, 2018.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**