| | |
|---|---|
| SHARNICE JANAY BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17CV814 RLW |
| | ) |
| BJC HEALTH SYSTEM d/b/a BJC, | ) |
| HEALTHCARE and CHRISTIAN HOSPITAL | ) |
| NORTHEAST-NORTHWEST, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Reconsider the Court's

Memorandum and Order of January 29, 2018.[1] (ECF No. 62) In that Order, the Court dismissed

Plaintiff's claims of race, disability, and gender discrimination against Defendant Christian

Hospital Northeast-Northwest ("Christian Hospital") for failure to exhaust administrative

remedies. The Court also granted Defendant BJC Health System d/b/a BJC HealthCare's Motion

("BJC") to Dismiss or, in the Alternative, Motion for Summary Judgment, dismissing all claims

against BJC. (ECF No. 59) Now pending is Plaintiff's motion to reconsider. The motion is

fully briefed and ready for disposition. Upon thorough review of the motion and related

memoranda, the Court will deny Plaintiff's motion.

Plaintiff has filed a motion to reconsider the Court's Memorandum and Order of January

29, 2018 under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. Plaintiff requests

that the Court alter or amend its judgment and allow her race and disability claims to go forward

---

[1] While Plaintiff references a "motion" in her memorandum, the Court notes that Plaintiff did not
file a proper motion. However, based on Plaintiff's *pro se* status, the Court will construe
Plaintiff's memorandum as a motion to reconsider.

against Christian Hospital, as well as all discrimination claims to go forward against BJC. In support, Plaintiff attaches a letter to the EEOC that she alleges was attached to her amended charge of discrimination. (Pl.'s Ex. 1, ECF No. 62-1) Defendants respond that Plaintiff has failed to demonstrate that she is entitled to relief under either Rule 59(e) or 60(b).

"A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *United States v. Metro. St. Louis Sewer Dist.,* 440 F.3d 930, 933 (8th Cir. 2006) (citation omitted). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills,* 141 F.3d 1284, 1286 (8th Cir.1998) (internal quotation omitted)). Motions under 59(e) "'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.'" *Id.* (quoting *Innovative Home Health Care,* 141 F.3d at 1286). "To prevail on a Rule 59(e) motion, the movant must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result." *Id.* "A motion to reconsider 'cannot be used to raise arguments which could have been raised prior to the issuance of judgment.'" *Adams v. Campbell,* No. 2:12 cv-00024HEA, 2014 WL 117568, at *1 (E.D. Mo. Jan. 13, 2014) (quoting *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir.1988)).

Similarly, under Rule 60(b), a court may relieve a party from a court order for several reasons including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, misconduct by an opposing party, or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(3), (6). "'Motions for reconsideration serve a limited function:

to correct manifest errors of law or fact or to present newly discovered evidence.'" *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman,* 839 F.2d at 414 (quotations and citations omitted)). "The district court has wide discretion in ruling on a Rule 60(b) motion . . . ." *Jones v. Swanson*, 512 F.3d 1045, 1049 (8th Cir. 2008).   Rule 60(b) "authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like). It is not a vehicle for simple reargument of the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

The Court finds that Plaintiff has failed to demonstrate that she is entitled to relief under either Rule 59(e) or 60(b).  First, the evidence Plaintiff now presents, a letter allegedly attached to her amended charge of discrimination, is not new evidence.  Plaintiff submitted the amended charge of discrimination and Right to Sue Notices with her pleadings.  Plaintiff had ample opportunities to also submit the attachment to the amended charge in her many responses to Christian Hospital's motion to dismiss and BJC's motion to dismiss or for summary judgment, as well as her own summary judgment motion.  As stated above, motions under 59(e) cannot be used to introduce new evidence which could have been raised prior to entry of judgment. *Metro. St. Louis Sewer Dist.*, 440 F.3d at 934.

Likewise, under Rule 60(b)(3)[2] Plaintiff has failed to demonstrate fraud or misconduct on the part of Defendants. "To prevail on a Rule 60(b)(3) motion, the movant must show, 'with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting its case.'" *Id.* at 935 (quoting *Harley v. Zoesch,* 413 F.3d 866, 870 (8th Cir.2005) (internal quotation omitted)).  Plaintiff fails to make

---

[2] Plaintiff does not specify which subsection of Rule 60(b) she claims entitles her to relief. However, the Defendant notes and the Court agrees, that Plaintiff requests relief under subsection (3) for fraud, misrepresentation, or misconduct by Defendant for failing to disclose the attachment to the Court. (Pl.'s Response pp. 8-9, ECF No. 64)

such a showing. Plaintiff contends that Defendants submitted an incomplete amended charge of discrimination to the Court. However, Plaintiff acknowledges that she possessed the documents during the time period that she responded to Christian Hospital's motion to dismiss and BJC's motion to dismiss or for summary judgment, wherein Defendants argued that Plaintiff failed to exhaust her administrative remedies. (ECF Nos. 44-46) The Court finds no fraud or misrepresentation on the part of Defendants that prevented Plaintiff from fully and fairly litigating this case. There is no indication that Defendants intentionally withheld evidence from Plaintiff or the Court; instead the evidence in this case was Plaintiff's own charge of discrimination that she filed with the EEOC. Thus, the Court finds that relief is not available under Rule 60(b)(3). *See Harrison v. Commercial Woodworking Co.*, No. 4:08CV00082 ERW, 2008 WL 5105130, at *2 (E.D. Mo. Dec. 1, 2008) (finding a mere allegation of misrepresentation did not amount to clear and convincing evidence of a knowing and intentional misrepresentation).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Memorandum in Support of Motion to Reconsider January 29, 2018 Memorandum and Order, construed as a Motion to Reconsider under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure (ECF No. 62) is **DENIED.**

Dated this 7th day of March, 2018.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

4